AUSA: James G. Mandilk

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **25 Mag. 1150** |
| UNITED STATES OF AMERICA | **COMPLAINT** |
| v. | Violation of 18 U.S.C. § 922(g)(1) |
| JONATHAN BANYAN, | COUNTY OF OFFENSE:<br>NEW YORK |
| Defendant. | |

SOUTHERN DISTRICT OF NEW YORK, ss.:

OSWALDO CERRATO, being duly sworn, deposes and says that he is a Deputy U.S. Marshal with the U.S. Marshals Service ("USMS"), and charges as follows:

## COUNT ONE
### (Possession of Ammunition After a Felony Conviction)

1.  On or about April 7, 2025, in the Southern District of New York and elsewhere, JONATHAN BANYAN, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed ammunition, to wit, 2 rounds of ammunition bearing the marking "9mm LUGER" and "WIN" with a rounded end, 2 rounds of ammunition bearing the marking "9mm LUGER" and "WIN" with a flattened end, 1 round of ammunition bearing the marking "S&B19 9x19," 2 rounds of ammunition bearing the marking "CC2 25 AUTO," and 11 rounds of ammunition bearing the marking "C," and the ammunition was in and affecting commerce.

(Title 18, United States Code, Section 922(g)(1).)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

### BANYAN's Prior Felony Conviction

3.  Based on my review of documents and reports, including criminal history records for JONATHAN BANYAN, the defendant, I have learned the following, in substance and in part: On or about October 25, 2006, BANYAN was convicted of criminal possession of a weapon in the second degree for possessing five or more firearms, in violation of New York Penal Law Section 265.03(2). On or about November 9, 2006, he was sentenced to six to seven years' imprisonment, to be followed by five years' post release supervision. On or about June 2, 2017, while the defendant was on post-release supervision, his parole was revoked in connection with a charge of assault in the second degree, in violation of New York Penal Law Section 120.05, and he was sentenced to a term of 51 months' to 5 years' imprisonment.

**The April 7, 2025, Possession of Ammunition**

      4.      Based on my review of surveillance video footage from April 7, 2025, for the Daniel Patrick Moynihan United States Courthouse, located at 500 Pearl Street in New York, New York (the "Courthouse"); my review of documents and objects seized incident to the arrest of JONATHAN BANYAN, the defendant, and photographs and videos of such documents and objects; and my conversations with other law enforcement officers, I have learned the following, in substance and in part:

      a.      On or about April 7, 2025, at approximately 9:08 a.m., BANYAN entered the Courthouse, wearing a dark-colored backpack (the "Backpack"). A court security officer asked the defendant, in substance and in part, what his business was at the courthouse, and the defendant stated, in substance and in part, that he was present to attend a civil court proceeding.

      b.      BANYAN removed the Backpack and placed it onto a conveyor belt so that it could run through an x-ray scanner. Based on his training and experience, a court security officer ("Officer-1") observed what he believed to be ammunition. Officer-1 then asked the defendant, in substance and in part, to open the Backpack for him and to remove a blanket from inside the Backpack (the "Blanket").

      c.      Officer-1 then ran the Backpack through the x-ray machine again. Again, Officer-1 observed what Officer-1 believed to be ammunition. Officer-1's supervisor ("Officer-2") was also present at that time. Officer-2 likewise saw what Officer-2 believed to be ammunition.

      d.      One of the court security officers then removed from the Backpack an opaque black mesh bag (the "Mesh Bag") and opened the bag. It contained 2 rounds of ammunition bearing the marking "9mm LUGER" and "WIN" with a rounded end, 2 rounds of ammunition bearing the marking "9mm LUGER" and "WIN" with a flattened end, 1 round of ammunition bearing the marking "S&B19 9x19," 2 rounds of ammunition bearing the marking "CC2 25 AUTO," and 11 rounds of ammunition bearing the marking "C," (the "Ammunition"). After the Ammunition was removed, BANYAN stated, in substance and in part, that the bag belonged to his cousin, and that he had borrowed the bag from his cousin.

      e.      Based on my review of surveillance video and photographs, as well as documents and objects seized incident to the defendant's arrest, I know that the Backpack contains several pockets. The Mesh Bag with the Ammunition was located in one of those pockets. Also present in the same pocket, in addition to the Blanket, among other items, were approximately 12 documents bearing the defendants name, some of which also listed the defendant's address as a particular building in Brooklyn, New York, as well as one document bearing a different name and the same address.

      f.      Deputy U.S. Marshals from the USMS arrested the defendant and seized the Backpack and its contents incident to arrest. An attorney representing the defendant spoke with Deputy U.S. Marshals. Shortly after BANYAN's arrest, BANYAN's attorney arrived to the Courthouse. BANYAN's attorney stated that BANYAN had borrowed the bag from his cousin, who works as a corrections officer at a particular New York corrections facility. BANYAN's attorney provided a name for his cousin (the "Cousin"). Based on communications with a law enforcement officer, I understand that records from the New York City Department of Corrections

("DOC") show that someone whose name is consistent with the Cousin's previously worked for DOC but stopped working for DOC in 2015.

### Interstate Commerce

5. Based on my communications with a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives who is familiar with the manufacturing of firearms and ammunition, I know that the Ammunition was manufactured outside New York State.

WHEREFORE, I respectfully request that JONATHAN BANYAN, the defendant, be and imprisoned or bailed, as the case may be.

/s/ Oswaldo Cerrato (signed by GS w/ permission)
OSWALDO CERRATO
DEPUTY U.S. MARSHAL
U.S. MARSHALS SERVICE

Sworn to me through the transmission of
this Affidavit by reliable electronic
means (telephone), pursuant to Federal Rule
of Criminal Procedure 4.1
this 7th day of April, 2025

_____
Hon. Gary Stein
United States Magistrate Judge
Southern District of New York