UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――
UNITED STATES OF AMERICA,

    -v-

JONATHAN BANYAN,

        Defendant.
―――――――――――――――――――――――――

25-cr-208 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

    Defendant Jonathan Banyan has moved in limine to hold the trial in this matter at the Thurgood Marshall United States Courthouse at 40 Foley Square, rather than at the Daniel Patrick Moynihan United States Courthouse at 500 Pearl Street. See ECF No. 22 at 1-3. For the following reasons, Banyan's motion is denied.

    Banyan contends that holding the trial in the courthouse where his alleged criminal conduct occurred would violate his Sixth Amendment right to a fair trial because (1) principal Government witnesses are court security officers who work in the Daniel Patrick Moynihan Courthouse and (2) jurors and prospective jurors would be required to walk through the scene of Banyan's alleged crime on their way to jury selection and trial. See id. The Government opposes Banyan's motion, arguing that simply walking through the courthouse entrance on the way to the jury room is in no way prejudicial and that the Government has already taken steps to ensure that jurors and prospective jurors will not interact with court security officers who may be Government witnesses. See ECF No. 35 at 5-7. The Government also makes the practical point that prospective jurors and witnesses have already

received summonses to appear at the Daniel Patrick Moynihan Courthouse and that, in any case, the jury assembly room is located in that courthouse. See id. at 6.

The Court agrees with the Government that holding Banyan's trial at the Daniel Patrick Moynihan Courthouse is no way prejudicial, let alone a violation of Sixth Amendment rights. As it does at every trial, and as both sides have already proposed, the Court will instruct the jury that nothing that jurors observe outside the courtroom is evidence and that the jurors' verdict must be based exclusively upon the evidence that the Court admits at trial. See ECF No. 33 at 14 (Banyan's proposed jury charge); ECF No. 32 at 5 (Government's proposed jury charge). And as for interaction with Government witnesses, that has been rendered impossible by the steps the Government has already taken to ensure that potential witnesses who work in the Daniel Patrick Moynihan Courthouse will be reassigned, throughout the course of jury selection and trial in this matter, to workstations where they will not interact with jurors or prospective jurors. See ECF No. 35 at 5-6.

The cases on which Banyan relies, see ECF No. 22 at 1-2, are inapposite because they concern specific acts of misconduct by witnesses or jurors, rather than the purportedly prejudicial effect of a proceeding's mere location. Rather, on the limited number of occasions where this issue has arisen, courts have held that there is no "automatic . . . unfairness," and certainly not an issue of constitutional magnitude, when a crime is alleged to have occurred "at

the same courthouse in which [the defendant's] trial is to be held." United States v. Quinto-Olivo, 684 F.3d 177, 184 (1st Cir. 2012); cf. United States v. Angelus, 258 F. App'x 840, 842 (6th Cir. 2007).

    Accordingly, Banyan's motion to hold his trial at the Thurgood Marshall Courthouse is hereby denied.

    Pursuant to Rule 9 of the Court's Rules of Individual Practice, the Court will resolve the parties' remaining motions in limine on the morning of the first day of trial.

    SO ORDERED.

New York, New York  
July 15, 2025

                                                  JED S. RAKOFF, U.S.D.J.